101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Victor CASTRO, Defendant-Appellant.
 No. 95-1603.
 United States Court of Appeals, Second Circuit.
 Apr. 1, 1996.
 
 APPEARING FOR APPELLANT: Susan G. Kellman, New York, N.Y.
 APPEARING FOR APPELLEE: Lewis J. Liman, Asst. U.S. Atty., New York, N.Y.
 PRESENT: HONORABLE JON O. NEWMAN, Chief Judge. HONORABLE JAMES L. OAKES, HONORABLE FRED I. PARKER, Circuit Judges.
 
 
 1
 Defendant-appellant Victor Castro appeals from the sentence imposed on October 17, 1995, following his plea of guilty to possessing checks stolen from the United States mails, in violation of 18 U.S.C. §§ 1708 & 2, and selling stolen United States Treasury checks, in violation of 18 U.S.C. §§ 510(b) & 2. Castro contends that the Government did not establish by a preponderance of the evidence his intent to commit bank fraud in violation of 18 U.S.C. §§ 1344 & 2, and therefore the District Court erred in including bank fraud as relevant conduct in calculating his offense level pursuant to U.S.S.G. §§ 1B1.3(a)(1) & (2). Alternatively, Castro contends that the District Court failed to make adequate findings to support its determination that Castro intended to defraud the bank.
 
 
 2
 We reject defendant's argument that the evidence showed only that he intended to defraud the buyer of the checks. The Government informant testified that Castro was told that the checks would be presented to the bank, and that Castro tendered the checks to the informant in exchange for an initial payment and a promised additional payment after the checks cleared. Such testimony, in addition to the other evidence of Castro's conduct, is clearly sufficient to support an inference of intent to defraud the bank. See United States v. Stavroulakis, 952 F.2d 686, 695 (2d Cir.), cert. denied, 504 U.S. 926 (1992); United States v. Hanna, No. SI 94 CR. 116(RPP), 1995 WL 66616, at * 2 (S.D.N.Y. Feb. 16, 1995), aff'd, Dkt. No. 95-1354 (2d Cir Sept. 11, 1995). Castro's contention that the District Court erred in crediting the testimony of the informant because he had a criminal record is without merit. "Assessments of the credibility of witnesses are the province of the district court, and we are not entitled to overturn those assessments on appeal." United States v. Rosa, 11 F.3d 315, 328 (2d Cir.1993), cert. denied, 114 S.Ct. 1565 (1994).
 
 
 3
 We also reject defendant's argument that the District Court failed to articulate sufficient factual findings to support its determination that Castro intended to defraud the bank. It is permissible for a court to meet the requirement of findings by adopting the findings in the Presentence Report, as the District Court did in this case. See, e.g., United States v. Williams, 23 F.3d 629, 635, cert. denied, 115 S.Ct. 641 (1994). Although additional evidence of intent was adduced at the hearing, the Presentence Report included findings relating to the payment agreement between Castro and the informant, and Castro's expectation that the forged checks would be presented to a bank. Even if we consider only the factual findings adopted from the Presentence Report, we are satisfied that the District Court's determination to include bank fraud as relevant conduct was amply supported.